UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER EDWARD HALLETT,

    Plaintiff,

v.                                                         Case No: 5:16-cv-238-Oc-32PRL

STATE OF OHIO, GARY RICH, ESQ.,
ELISE BURKEY, ESQ., BENJAMIN
JOLTIN and CHRISTINA MARIE
BURNHAM-HALLETT

    Defendants.

## ORDER

    This apparent family-law matter is before the Court *sua sponte*. Federal courts, like this one, are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

    Here, Plaintiff appears to complain of child support payments that are being withheld from his paycheck by the Trumbull County Child Support Enforcement Agency of Ohio (the "Child Support Agency"). (Doc. 8, p. 9). In his Amended Complaint, Plaintiff names as Defendants the State of Ohio, along with several Ohio lawyers and what appears to be his ex-wife. (Doc. 8,

p. 2–3). In describing how each named Defendant was personally involved in the alleged wrongful action, Plaintiff states that "[t]he events have, and continue to, take place in the State of Ohio as a result of a Divorce Case" and these events "started the day the false allegations were filed against" him in "case number 2009 DV 00028 in the Ohio Common Pleas Court." (Doc. 8, p. 5). In describing the facts underlying his claims, he states that Defendants have "exploited a dead language for personal gains. That dead language being Latin as used throughout the Legal System. The facts in and among themselves are just as Prima-facie as they appear." (Doc. 8, p. 5).

Plaintiff describes his injuries as the "loss of years missed with my children, career/ability to earn, shamed in the community and in front of my family, [and] looked at as nothing more than a common criminal with violent tendencies. Been called a 'Deadbeat Dad' when nothing could be further from the truth." (Doc. 8, p. 5). He seeks several types of relief, including thirty-three million dollars and the disbandment of all lawyers and bar associations. (Doc. 8, p. 6).

In addition to his Amended Complaint, Plaintiff has filed various motions. He has moved this to Court to require Christina M. Burnham-Hallet, which the Court assumes is Plaintiff's ex-wife, to bring his children to Florida. (Doc. 10). He requests that this Court modify the title and description of his divorce case proceeding. (Doc. 11). He requests assistance in obtaining a document titled "Confidential GAL's Report" (Doc. 12), and he would like the collection action (and other actions against him) regarding child support due in Trumbell County Ohio suspended pending the outcome of this case. (Doc. 13). He requests that this Court require the appearance of all named Defendants on a "mandatory" basis. (Doc. 14). Finally, although not entirely clear, he appears to seek entry of clerk's default. (Doc. 26).

Plaintiff asserts that this Court has jurisdiction over this action pursuant to both *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. (Doc. 8, p. 4). Under § 1983, he asserts that state or local officials have violated the Eighth Amendment to the United States Constitution by subjecting him to "involuntary servitude and/or slavery." He supports this claim by citing to an attached "Statement of Disbursement" in which the Child Support Agency appears to withhold a portion of his paycheck. (Doc. 8, p. 4). According to Plaintiff, some of this withholding is taken by the "Welfare State of Ohio." (Doc. 8, p. 9). Under *Bivens*, he asserts that federal officials have violated the Eighth Amendment to the United States Constitution by subjecting him to "involuntary servitude and/or slavery." Yet, Plaintiff provides no further support for his purported *Bivens* claim, nor does he name as a defendant any federal employee, or officer.

Based on the above, whether this Court has subject matter jurisdiction over this action is uncertain—and, in fact, appears doubtful. Plaintiff does not name any federal agency, employee, or officer as a Defendant; thus it does not appear that Plaintiff can proceed under the Federal Tort Claims Act or *Bivens*. Also, although Plaintiff makes the legal conclusion that state officials have violated the Eighth Amendment, whether he states a constitutional violation—given his vague and sparse pleadings—is unclear; thus this Court appears to lack jurisdiction under § 1983. Finally, Plaintiff does not allege that diversity jurisdiction exists.

Further, in the family law context, "[t]he federal judiciary has traditionally abstained from deciding cases concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988). Indeed, "federal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* Federal courts will address

- 4 -

claims where "the following policies favoring federal abstention are absent: 'the strong state interest in domestic relations matters, the competency of state courts in settling family disputes, the possibility of incompatible federal and state decrees in cases of continuing judicial supervision by the state, and the problem of congested dockets in federal courts.'"  *Id.* at 370 (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir.1978)).  In other words, "federal courts should dismiss the action only if hearing the claim would mandate inquiry into the marital or parent-child relationship." *Id.*

Here, the only conclusion this Court can reach, based on the vague pleading before it, is that Plaintiff requests that this Court inquire into the martial and parent-child relationship.

Accordingly, on or before **May 6, 2016**, Plaintiff shall show cause why this action should not be dismissed for lack of subject matter jurisdiction.  The Court will **TAKE UNDER ADVISEMENT** Plaintiff's motions (Doc. 10, 11, 12, 13, 14, 26) pending resolution of the jurisdictional issues.  Defendants are **DIRECTED** to not respond to these motions until or unless directed to do so by the Court.

Additionally, given Plaintiff's *pro se* status, the Court notes that resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

**DONE** and **ORDERED** in Ocala, Florida on April 21, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties