**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHRISTOPHER EDWARD HALLETT,**

    **Plaintiff,**

v.                                                                                                     **Case No: 5:16-cv-238-Oc-32PRL**

**STATE OF OHIO, GARY RICH, ESQ. ,**
**ELISE BURKEY, ESQ. , BENJAMIN**
**JOLTIN and CHRISTINA MARIE**
**BURNHAM-HALLETT**

    **Defendants.**

## ORDER

    This apparent family-law matter is before the Court *sua sponte*. *Pro se* Plaintiff filed his Amended Complaint, which is the operative pleading, on April 6, 2016. (Doc. 8). On April 21, 2016, this Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction (Doc. 27) and Plaintiff has responded (Doc. 32).

    Federal courts, like this one, are courts of limited jurisdiction and, therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

As noted above, Plaintiff is proceeding *pro se* in this action. Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

As outlined in this Court's previous order, Plaintiff's Amended Complaint fails to show why subject matter jurisdiction exists over this action. (Doc. 27). Plaintiff does not allege that diversity jurisdiction exists, but instead relies on federal question jurisdiction under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. Yet, Plaintiff does not assert any claim against a federal agency, employee, or officer—thus it is unlikely he can proceed under the Federal Tort Claims Act or *Bivens*. And although Plaintiff names as a Defendant the State of Ohio, given his vague and sparse pleading, this Court likely lacks jurisdiction under § 1983. Further, based on this pleading, Plaintiff apparently requests that this Court inquire into the martial and parent-child relationship—a realm from which the federal judiciary has traditionally abstained.

Likewise, Plaintiff's response to the order to show cause also fails to show why subject matter jurisdiction exists here. (Doc. 32). Plaintiff asserts that the Department of Justice is currently investigating the Defendants in this case, and he has purportedly attached a memorandum to his response that supports this assertion. (Doc. 32). Yet, Plaintiff does not explain how a Department of Justice investigation confers jurisdiction upon this Court.

Upon due consideration, it is hereby **ORDERED**:

1. Plaintiff shall have until **May 30, 2016** to file a new complaint that sets forth this Court's subject matter jurisdiction. The new complaint shall comply with all of the pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well

as those contained in Local Rules 1.05 and 1.06, United States District Court, Middle District of Florida.

2. Failure to file a new complaint as discussed in this Order may result in the dismissal of this action without further notice.

3. Plaintiff's other motions (Doc. 10–14, 26, 30) and Defendants' motions (Doc. 22, 34) are **TAKE UNDER ADVISEMENT** pending resolution of the jurisdictional issues.

4. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court.  Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

**DONE** and **ORDERED** in Ocala, Florida on May 13, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties